■ In the Matter of the Estate of ARTHUR J. SHERRY, Deceased. CANDICE C. ALBERGINA, as Executrix of ARTHUR J. SHERRY, Respondent; CATHERINE SHERRY, Appellant. [636 NYS2d 354] —In a proceeding to judicially settle an executrix's account of her stewardship, in which the decedent's spouse moved, *inter alia,* to rescind a voucher and release waiver executed by her and to file objections to the account, the spouse appeals, as limited by her brief, from so much of a decree of the Surrogate's

Court, Suffolk County (Signorelli, S.), dated May 4, 1994, as, after a nonjury trial, found the voucher and release waiver to be a binding contract settling all of the spouse's claims against the estate, and dismissed the spouse's objections to the judicial settlement of the executrix's account.

Ordered that the decree is affirmed insofar as appealed from, without costs or disbursements.

We agree with the Surrogate's determination that the voucher and release waiver was predicated upon a binding contract entered into between the appellant, the decedent's spouse, and his estate. The evidence adduced at the trial indicates that the executrix of the estate made an unqualified offer to settle all of the appellant's claims for $10,000 and that she unconditionally accepted that offer. Such an offer and acceptance produces a binding contract *(see, Barber-Greene Co. v M.F. Dollard, Jr., Inc.,* 239 App Div 655, *affd* 267 NY 545; 21 NY Jur 2d, Contracts, § 6).

The appellant's remaining contentions are without merit. Balletta, J. P., O'Brien, Santucci and Florio, JJ., concur.